IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

|  |  |  |
|---|---|---|
| Anthony J. Cilwa, | ) | |
| | ) | |
| Appellant, | ) | C/A No. 7:17-450-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| John K. Fort, United States Trustee, | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |

This matter is before the court on an appeal from an order of the bankruptcy court denying Appellant Anthony Cilwa's motion to withdraw his bankruptcy petition, which the bankruptcy court treated as a request for a voluntary dismissal.[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for handling. The magistrate judge filed a Report and Recommendation ("Report") recommending that the court affirm the bankruptcy court's order. (ECF No. 16). Appellant timely filed objections. (ECF No. 20).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*

---

[1] As the magistrate judge noted in her Report (Report at 1 n.1), although Christopher Cilwa has been listed on the docket as an appellant, he did not appeal from the February 6, 2017 order of the bankruptcy court. (ECF Nos. 1 and 4). Accordingly, Anthony Cilwa is the only proper appellant in this action.

*v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the magistrate judge sets out the procedural history and background of this case. (Report at 2-4). Briefly, Appellant filed for bankruptcy under Chapter 7 on January 18, 2015. In May 2015, Bruce P. Kriegman filed an unsecured claim for $376,781.02, which the bankruptcy court allowed. On September 14, 2015, the Trustee initiated an adversary proceeding in which he sought to avoid a transfer of property. Specifically, the Trustee alleged that Appellant sold property of the estate located in South Carolina after filing for bankruptcy and without court authorization, and he then used the proceeds to purchase property in Florida which he subsequently transferred to his son. The bankruptcy court granted the Trustee's summary judgment motion and found that the transfer of the South Carolina property was an unauthorized post-petition transfer and the Trustee was entitled to the proceeds from that sale. Further, the bankruptcy court avoided the transfer of the Florida property from Appellant to his son, and held that the Trustee was entitled to a turnover of any interest Appellant had in the Florida property. Appellant appealed the bankruptcy court's order and this court affirmed that order. *Cilwa v. Fort*, No. 7:16-cv-1301-TMC, 2016 WL 7403958 (D.S.C. Dec. 22, 2016). The Fourth Circuit Court of Appeals subsequently affirmed this court's order in *Cilwa v. Fort*, 687 Fed. App'x 280 (4th Cir. 2017), and the United States Supreme Court denied Appellant's petition for a writ of certiorari in *Cilwa v. Fort*, 138 S.Ct. 430 (2017).

While his appeal was pending, on January 30, 2017, Appellant filed a motion to withdraw his bankruptcy petition which the bankruptcy court denied. (ECF Nos. 6-1, 6-2).[2] Appellant filed

---

[2]The court notes this was Appellant's second motion to withdraw. (ECF No. 6-2 at 1).

a motion for reconsideration (ECF No. 6-3) which the bankruptcy court also denied (ECF No. 6-6).

Appellant is now appealing the denial of his motion to withdraw his bankruptcy petition.

Pursuant to 11 U.S.C. § 707(a), a court may dismiss a Chapter 7 bankruptcy case after notice

and a hearing for cause. Section 707(a) does not define "cause," but provides three non-exhaustive

examples:

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a). The key decision is whether the dismissal is in the best interests of the creditors

and the debtor. *See In re Williamsburg Suites, Ltd.*, 117 B.R. 216, 218 (Bankr. E.D. Va. 1990). A

voluntary dismissal will normally be denied when the dismissal will cause some plain legal prejudice

to the debtor's creditors. *See In re Carroll*, 24 B.R. 83, 86 (Bankr. N.D. Oh. 1982). Legal prejudice

is found to exist where assets which would otherwise be available to the creditors are not available

because of the dismissal. *See In re Cometh*, 142 B.R. 755, 757 (Bankr. E.D. Va. 1992).

In his motion, Appellant alleged that he did not have any remaining creditors because his

creditors have either been repaid or dropped their claims. The bankruptcy court found that these

allegations were not supported by the record. (ECF No. 6-2 at 2). The magistrate judge concluded

that Appellant has failed to provide any factual grounds or legal authority to show that the

bankruptcy court abused its discretion in denying Appellant's motion. (Report at 5-6). In his

objections, Appellant contends that the house was never in his estate; he did not sign the original or

amended bankruptcy filings; he has paid his creditors except for the false proof of claim; the

bankruptcy court erred in accepting the only claim filed; and the action filed in Washington upon which he alleges the claim was based was dropped. (Objections at 1).

Upon review, the court finds that Appellant's objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. *See Gaines v. South Carolina*, No. 0:08-cv-0053-RBH, 2009 WL 3817287, at \*3 (D.S.C. Nov. 12, 2009) (finding that because petitioner's objections merely restated the claims from his habeas petition, the district court had no reason to engage in a second analysis of those claims, which magistrate judge had already addressed in detail). Here, as the magistrate judge found, Appellant has failed to establish that the bankruptcy court abused its discretion in denying Appellant's motion to withdraw. Appellant is, in essence, attempting to re-litigate the claim which the bankruptcy court allowed.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 16) and incorporates it herein. It is therefore **ORDERED** that the Bankruptcy Court's Order is **AFFIRMED** and this appeal is **DISMISSED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

February 9, 2018
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.